889 F.2d 1089
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
William Rusty HYNEMAN, Defendant-Appellant.
 No. 89-5422.
 United States Court of Appeals, Sixth Circuit.
 Nov. 17, 1989.
 
 Before BOYCE F. MARTIN, Jr. and BOGGS, Circuit Judges, and LAWRENCE P. ZATKOFF, District Judge.*
 PER CURIAM.
 
 
 1
 William R. Hyneman appeals the district court's calculation of his sentence under the Federal Sentencing Guidelines. We affirm.
 
 
 2
 This is a sentencing guideline appeal that attacks only the range where the district court allegedly included a prior conviction that Hyneman claimed was expunged.
 
 
 3
 On July 13, 1988, William R. Hyneman pled guilty to a one count Information charging that he unlawfully possessed approximately two kilograms of cocaine on or about January 26, 1988 with the intent to distribute in violation of 21 U.S.C. Sec. 841(a)(1). The probation officer's Pre-Sentence Investigation Report calculated Hyneman's Total Offense Level to be 26 and his Criminal History Category to be II. Hyneman claims that the Criminal History Category calculation was affected by his Mississippi malicious mischief conviction, which had been expunged.
 
 
 4
 On March 9, 1989, Hyneman was sentenced to prison under the Sentencing Reform Act of 1984 and the United States Sentencing Commission Guidelines for 24 months and to serve a three-year period of supervised release upon his completion of the term of incarceration. At the sentencing hearing, Hyneman's counsel pointed out that the Mississippi malicious mischief conviction had been expunged. Counsel did not, however, emphasize the legal effect of such expunction on the Criminal History Category, and consequently, on the calculation of the applicable sentencing guideline.
 
 
 5
 As a result of the Government's motion under section 5K1.1 of the guidelines, which noted Hyneman's substantial assistance to the Government in other matters, the district court departed from its calculated 70-87 months guideline range and sentenced Hyneman to 24 months in prison with three years of supervised release.
 
 
 6
 Hyneman asserts that the district court made a legal error in its sentence calculation, not a factual error subject to the clearly erroneous standard of review announced in United States v. Perez, 871 F.2d 45 (6th Cir.1989), or a harmless error analysis. Specifically, Hyneman argues that the district court incorrectly included his expunged malicious mischief conviction in determining the applicable sentencing range. Hyneman claims that without the inclusion of the expunged conviction, he would be placed in Criminal History Category I instead of Category II. Consequently, he argues that his correct sentencing range is 63-78 months. He claims that the court arrived at his sentence determination by taking the 70-month floor on its incorrectly calculated sentencing range and subtracting 46 months due to the Government's 5K1.1 Motion, resulting in a 24-month sentence. Under Hyneman's calculation, a 46-month deduction from the floor of the correct range would result in a 17-month sentence. He requests this Court to remand for further sentencing proceedings in accordance with the guidelines. 18 U.S.C. Sec. 3742(e)(1).
 
 
 7
 The Government asserts that the district court did not decide to subtract 46 months from the bottom of the applicable guideline range. Instead, the Government argues that the district court agreed with the Government's 5K1.1 Motion to completely depart from the guidelines and imposed a 24-month sentence without applying a 46-month subtraction formula. The Government notes that a departure below the guideline range is discretionary with the district court and not subject to appellate review. Therefore, it makes no difference which guideline range was correct because the sentence imposed under the district court's discretion was well below either the court's calculated range or the defendant's contended range. Moreover, the Government argues that the defendant's argument is fundamentally incorrect because the district court stated that it was not considering the Mississippi conviction in its sentencing decision.
 
 
 8
 We agree with the Government that there was no error in the court's action. The decision to depart from the guidelines is discretionary with the district court. As we stated in United States v. Perez, 871 F.2d 45, 47 (6th Cir.1989), a departure from the guidelines requires a district court to state a "specific reason" for doing so. Here, the court specifically relied on the Government's 5K1.1 Motion and departed from the guidelines because of Hyneman's assistance to the Government in other matters. Such a finding is not clearly erroneous.
 
 
 9
 The Record clearly demonstrates, as the Government argues, that the district court did not consider the expunged Mississippi conviction in its sentencing calculation. The district court's decision to impose a 24-month sentence does not seem to be based on taking the floor of a guideline range and subtracting 46 months from it. Therefore, the district court's decision was not based on a legal error in its calculation of the guideline range because that range did not affect its sentencing decision which was made within its discretion to depart from the guidelines. Any error in calculating the range to be applied in this case is certainly harmless where no range was actually used by the district court in imposing a sentence--especially where the sentence is well below either of the ranges which arguably applied in this case.
 
 
 10
 For the reasons stated, we AFFIRM the sentence imposed by the district court.
 
 
 
 *
 The Honorable Lawrence P. Zatkoff, United States District Judge for the Eastern District of Michigan, sitting by designation